# EXHIBIT A

# EXHIBIT A



**O'MARA**
**LAW FIRM, PC**

311 E. LIBERTY STREET
RENO, NEVADA 89501
(TEL) 775-323-1321
(FAX) 775-323-4082
DAVID@OMARALAW.NET

February 16, 2022

<u>VIA EMAIL</u>
<u>(HARD COPY WILL NOT FOLLOW)</u>

Dr. Jesus F. Jara, Superintendent
Clark County School District
jarajf@nv.ccsd.net

Trish Taylor, Principal
East Career & Technical Academy
talopl@nv.ccsd.net

Re: **Bullying Of ECTA Past President And Current Vice-President Of Students For Life Club And Ongoing Discrimination Against ECTA Students For Life Club**

Dear Dr. Jara and Ms. Taylor:

    The Thomas More Society ("TMS") and The O'Mara Law Firm, P.C. represent Felipe Avila, an East Career & Technical Academy ("ECTA") student who is the past President and current Vice President of the ECTA Students For Life Club ("SFLC"). TMS also represents Students For Life of America ("SFLA"), a national 501(c)(3) not-for-profit organization with headquarters located in Fredericksburg, Virginia. SFLA is one of the nation's most active pro-life organizations and the largest youth pro-life organization. It is the largest national pro-life organization dedicated to training and equipping middle school, high school, college, and medical school students to defend life and raise awareness on campuses.

    As set forth herein in detail, ECTA has engaged in a longstanding pattern of discrimination against SFLC in violation of federal law. Even more disturbing, as an apparent extension of its antipathy towards the message of SFLC, ECTA has failed to effectively address reoccurring cyberbullying directed against Mr. Avila which has been expressly motivated by his pro-life viewpoint.

    We note that this is not the first time Clark County schools have engaged in such conduct. See *Angelique Clark v. Clark County School District, et al.*, United States District Court, District of Nevada, Case No. 2:15-cv-01549-JCM-PAL.

<u>ECTA's Extended History Of Violations of The U.S. And Nevada Constitutions</u>

    In 2020, SFLC was denied permission to "chalk" messages in outside spaces around ECTA. Instead of advising that no "chalking" was permitted, former Assistant Principal Vincent Medina asked to review the messages that SFLC wished to chalk. As requested, SFLC

February 16, 2022
Page 2

submitted the requested list, which reflected pro-life messages such as, "Heart Begins Beating at 21 Days," "Adoption Not Abortion," and "Love Them Both." *After* reviewing the content of SLFC's proposed messages, Mr. Medina advised the SFLC that it was not allowed to "chalk" around the school because, "Chalk can linger for an extensive period of time and we are concerned with maintaining the beautification of the building." On subsequent occasions, however, ECTA permitted extensive student "chalking" around the school and did nothing to remove the "chalking."

Mr. Medina also refused to allow SFLC to distribute flyers on the basis that they referenced (promoted) an outside organization (a pregnancy resource center), even though other clubs have been frequently allowed to reference outside organizations in their flyers or posters, including flyers/posters promoting fundraisers held at outside organizations. Assistant Principal Stelluto also recently approved of a DECA flyer that promotes an outside women's shelter (Shade Tree), again demonstrating that only the SFLC is prohibited from distributing flyers on the basis that they reference or promote outside organizations.

More recently, ECTA has also discriminated against SFLC in connection with its request to include information in the East Tech Times. SFLC asked ECTA to include club announcements in the East Tech Times newsletter, but was told that ECTA would allow SFLC to include only a text "blurb" in the East Tech Times, but not a picture of its flyer encouraging students to join the club. However, other clubs have been permitted to include pictures, rather than just text, announcing club activities, including, for example, the 8/16 - 8/20/21 edition of the East Tech Times (on its 5th page), which features a picture of a HOSA (Health Occupation Society of America) flyer announcing a meeting. The 8/23-8/27/21 edition of the East Tech Times (on the 3rd page), includes a picture in connection with a Chess Club announcement. The 9/13-9/17/2021 edition of the East Tech Times includes (on the 6th page), a picture of the FCCLA logo in connection with an announcement. The 10/11-10/15/21 edition of the East Tech Times (on the 4th and 7th pages) includes pictures of Choir Club and Cheer Club flyers. The 2/8-2/14/2022 edition of the East Tech Times includes (on the 5th and 6th pages), pictures of numerous BSU Club flyers.

ECTA has also discriminated against SFLC by censoring the content of its flyers/posters. SFLC submitted a request to hang flyers announcing its first meeting of the 2021-2022 year. SFLC was denied permission to hang a flyer with a picture depicting young people holding signs with pro-life messages which included a sign saying, "I am a HBCU Student and I reject abortion". The stated reason for the denial was that the message "I reject abortion" is "too controversial."

In 2022, ECTA has continued to discriminate against SFLC. ECTA (Assistant Principal Stelluto) recently rejected a SFLC flyer on the basis that "only the date and time of the club meeting" are permitted on club flyers. Again, this is patent discrimination against the SFLC.

February 16, 2022
Page 3

Numerous other clubs have received approval for flyers that are not limited to the date and time of the club meeting.  For example, the DECA club's January, 2022 flyer did not announce the date and time of a DECA meeting but sought instead donations on behalf of Shade Tree.

And, on February 7, 2022, Principal Taylor hosted a summit for ECTA club leaders, which included the leaders of all or most of ECTA's clubs.  Principal Taylor, neither informed any SFLC leader, nor invited any member of the SFLC, to the meeting.  Mr. Avila was advised by a club leader who was invited to participate that the topics discussed included the approval process for club activities and events - information Principal Taylor apparently concluded was not necessary to share with SFLC.

Further, ECTA has discriminated against SFLC by refusing to allow it to erect a banner in the "catwalk" area of the school building, although individual students and other student organizations have been permitted to do so.

All of these instances of discrimination and censorship violate the First Amendment to the U.S. Constitution. The Supreme Court has long recognized, students do not shed their First Amendment rights at the schoolhouse gate.  *Tinker v. Des Moines Independent Community School Dist.*, 393 U.S. 503, 509 (1969).  In *Tinker* the Supreme Court made clear:

> In our system, state-operated schools may not be enclaves of totalitarianism. School officials do not possess absolute authority over their students. Students in school as well as out of school are 'persons' under our Constitution. They are possessed of fundamental rights which the State must respect, just as they themselves must respect their obligations to the State. In our system, students may not be regarded as closed-circuit recipients of only that which the State chooses to communicate. They may not be confined to the expression of those sentiments that are officially approved. In the absence of a specific showing of constitutionally valid reasons to regulate their speech, students are entitled to freedom of expression of their views.  *Tinker*, 393 U.S. at 511.

As the U.S. Supreme Court has explained, "It is axiomatic that the government may not regulate speech based on its substantive content or the message it conveys." *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 828-829 (1995) [Citation omitted.] "Discrimination against speech because of its message is presumed to be unconstitutional." *Id.*, citation omitted. Viewpoint discrimination is an egregious form of content discrimination which the State is forbidden from exercising even in a limited public forum of its own creation.  *Id.*

Discussion of controversial topics and distribution of material relating to political issues in public schools are not prohibited.  Instead, students have the "undoubted freedom to advocate unpopular and controversial views in schools and classrooms," balanced only against society's

February 16, 2022
Page 4

countervailing interest in teaching students the boundaries of socially appropriate behavior. *Bethel Sch. Dist. No. 403 v. Fraser*, 478 U.S. 675, 681 (1986).

Once a school has opened a forum generally for use by student groups, it can only justify any discrimination or exclusions imposed upon a particular student group under applicable constitutional norms by demonstrating that such treatment serves a compelling state interest and is narrowly drawn to achieve that interest. See *Widmar v. Vincent*, 454 U.S. 263, 268-270. See also, *Prince v. Jacoby*, 303 F.3d 1074, 1091 (9th Cir. 2002) (Once a school has created a limited public forum by allowing student groups access to rights and privileges, "it cannot deny access to some student groups because of their desire to exercise their First Amendment rights without a compelling government interest that is narrowly drawn to achieve that end." [Citations omitted.])

A school may *not* censor student speech where its only concern is the "mere desire to avoid the discomfort and unpleasantness that always accompany an unpopular viewpoint." *Tinker*, 393 U.S. at 509. The U.S. Supreme Court has found that censorship of non-school sponsored student expression (which is at issue here) withstands scrutiny in only very limited situations. Those situations, none of which apply to the speech proposed by SFLC, are as follows: (1) where school officials reasonably concluded that the student expression will "materially and substantially disrupt the work and discipline of the school" (*Tinker*, 393 U.S. at 513); (2) where the expression consists of "offensively lewd and indecent speech" (*Bethel Sch.Dist.,* 478 U.S. at 685); and (3) where the expression promotes illegal drug use. *Morse v. Frederick*, 551 U.S. 393, 409 (2007).

ECTA has singled out SFLC and discriminated against it based on the club's pro-life message. Schools are prohibited from engaging in viewpoint discrimination by excluding speech from a forum they have created. *Lamb's Chapel v. Center Moriches Union Free School District*, 508 US 384, 393-394 (1993). In denying the SFLC access to forms of expression afforded students generally ("chalking") and afforded other student clubs (display of flyers and banners), and otherwise denying the club the rights and privileges accorded other clubs based on SFLC's viewpoint, ECTA has unquestionably violated Mr. Avila's First Amendment rights.

ECTA's *ad hoc* prohibitions against messages SFLC seeks to articulate (as part of "chalking" and in its flyers) is constitutionally infirm for the additional reason that it allows censorship based on a completely discretionary determination by ECTA. *See e.g.*, *City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 769-770 (1988)). As this case well illustrates, such "constraints" against censorship are illusory. *Id.*

Mr. Avila's First Amendment rights to freedom of speech and expressive association are clearly established. Consequently, qualified immunity does not protect ECTA school officials who have and continue to deny those rights. See *Business Leaders In Christ v. Univ. of Iowa,* 991 F.3d. 969, 984 (8th Cir. 2021)

February 16, 2022
Page 5

ECTA has also violated Mr. Avila's rights under the Constitution of the State of Nevada Constitution (Article I, Sec. 9), which provides: "Every citizen may freely speak, write and publish his sentiments on all subjects being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press...."

**ECTA's Unequal Treatment of SFLC Violates The Federal Equal Access Act**

The Equal Access Act ("EAA") prohibits public secondary schools which receive federal funds and offer a "limited open forum" from denying any student equal access to that forum on the basis of the content of that student's speech. 20 U.S.C. §4071(a). The EAA provides, "[a] public secondary school has a limited open forum whenever such school grants an offering to or opportunity for one or more noncurriculum related student groups to meet on school premises during noninstructional time." 20 U.S.C. §4071(b). As discussed *supra*, ECTA has opened a forum by allowing numerous non-curricular clubs to meet on school premises during non-instructional time, including, among many others, the Feminist Club, the Gender and Sexuality Alliance, the Bible Club, the Amine Club, the Chess Club, and HOSA. See https://sites.google.com/nv.ccsd.net/ectaclubs/clubs  ECTA's decision to deny equal access with respect to posting flyers and making announcements in the East Tech Times, on the basis that it deems the content and viewpoint of the pro-life message which the club seeks to present as "controversial," or because it otherwise disagrees with SFLC's message, violates the EAA. Under the EAA, Mr. Avila is entitled to equal access to operate a pro-life group on an equal footing with the other noncurricular clubs already in existence at the school.

**ECTA's Failures To Effectively Address Bullying
Directed Against The Past President And Current Vice-President of SFLC**

Consistent with ECTA's demonstrated prejudice against SFLC and its pro-life message, ECTA has failed, contrary to the requirements of Nev. Rev. Stat. 388.132, *et seq.*, to ensure Mr. Avila with a safe and respectful learning environment.  ECTA has failed to effectively address repeated cyber-bullying attacks on him based on his role as the past president and current vice-president of SFLC and his pro-life beliefs, bullying which has culminated in threats of physical violence against him.

During the (2020-2021) school year, Mr. Avila repeatedly reported the bullying to which he was subject.  Although cyberbullying directed against Mr. Avila on the "ECTA confessions" Instagram site in September, 2020, apparently resulted in minor discipline against certain students, similar bullying in November, 2020 resulted in no discipline against any students.  The second round of bullying went unpunished apparently because no one confessed to it.

Mr. Avila was the subject of additional cyberbullying in November, 2020, when he was targeted for agreeing to read aloud in class an excerpt from Uncle Tom's Cabin.  He read the passage as written, including an offensive word included in the passage.  Bullying Instagram

February 16, 2022
Page 6

comments were again subsequently directed against Mr. Avila, which included, "he is honestly the worst person I ever met, I hope he gets in a car crash."

Although ECTA charged Assistant Principal, Mr. Medina, with conducting an investigation into the cyberbullying directed against Mr. Avila, Mr. Medina freely admitted to Mr. Avila that Mr. Medina lacked the technological savvy to properly investigate the cyberbullying. Even though Mr. Avila, at Mr. Medina's request, provided information regarding the Instagram "handles" and the identities of several of the students involved in the November, 2020 cyberbullying incident, Mr. Medina again apparently failed to discipline those students in any way.

The new school year (2021-2022), has ushered in additional rounds of cyberbullying directed against Mr. Avila, which is not in the least surprising given ECTA's wholesale failure to effectively address the bullying previously directed against Mr. Avila.  On September 2, 2021, other students engaged in a barrage of Instagram posts directed to Mr. Avila that included rants against Mr. Avila's pro-life position peppered with threats and intimidation. That cyberbullying included the following comments among others: "first of all, cut your dick off if you are such a pro-lifer" - "i hope you rot in hell and get your dick cut off"; "my name is felipe and I'm gay"; "anyways you gay my guy the closet is open" - "@realfelipeavila where you at" - "he sucking on some penis rn"; we know your [sic] active felipe - "felipe why the fuck are you reporting my friend account" - "loser" - "your mom should have aborted you"; "can't take the heat" - "you thought this over" - "ha"; "he fs crying gagging and throwing up" - "LMAOO"; "You're are also a fucken [sic] boy stupid bitch wants to be oppressed so bad" - "Cut your dick off if you care so much"; "going to get my grind on today" - "i'm gonna get an abortion just for you felipe" - "felipe crying since I'm writing about abortion".   Another "commenter" posted pictures of Mr. Avila and stated, "AYO on my mama fuck this nigga  - Lame ass foo." See https://drive.google.com/drive/folders/1KkVJ47-_Aq0PgUNcP87hwDv8r-PtzDQB?usp=sharing

As you are aware, on September 9, 2021, Mr. Avila was also the subject of an explicit cyberbullying threat while at school.  Based on information from an ECTA student who saw Mr. Avila going up the stairs at ECTA, a non-ECTA student texted him, "I saw you going up the stairs at ECTA you're not safe."  Mr. Avila's report of that bullying incident was found substantiated but with no discipline recommended, apparently because the threat came from a non-ECTA student.  Of course, that response failed entirely to address that an ECTA student was stalking Mr. Avila and reporting his whereabouts to another student at a different school so that she could threaten him.

February 16, 2022
Page 7

      Please immediately advise whether ECTA will abide by its obligations under federal and state law with respect to SFLC and Mr. Avila, including how ECTA intends to address the ongoing cyberbullying directed against Mr Avila. Moreover, please advise how ECTA intends to address Mr. Avila's and SFLC's First Amendment Rights so that they are not violated moving forward. Please respond by February 22, 2022. Please send your response to Joan Mannix at jmannix@joanmannixltd.com and to David O'Mara at david@omaralaw.net.

                                Sincerely,

Thomas More Society
Thomas Brejcha, President and Chief Counsel
Joan M. Mannix, Special Counsel
309 West Washington Street, Suite 1250
Chicago, IL 60606
(312) 782-1680
tbrejcha@thomasmoresociety.org
jmannix@joanmannixltd.com

David C. O'Mara
The O'Mara Law Firm, P.C.
311 East Liberty Street
Reno, NV 89501
(775) 323-1321
david@omaralaw.net

cc:    Office for a Safe and Respectful Learning Environment
       Christy McGill, Director
       cmcgill@doe.nv.gov