THE O'MARA LAW FIRM, P.C.
DAVID C. O'MARA
NEVADA BAR NO. 8599
311 East Liberty St.
Reno, Nevada 89501
775-323-1321
775-323-4082 (fax)
david@omaralaw.net

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| EAST CAREER AND TECHNICAL ACADEMY STUDENTS FOR LIFE, FELIPE AVILA, an individual, and JANELLE RIVERA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT; EAST CAREER AND TECHNICAL ACADEMY; DR. JESUS JARA, individually and in his capacity and Superintendent of Clark County School District; TRISH TAYLOR, Individually and her capacity as Principal of East Career and Technical Academy; KAREN STELLUTO, individually and in her capacity as Assistant Principal of East Career and Technical Academy; and VINCENT MEDINA, Individually and in his capacity as Assistant Principal of East Career and Technical Academy,<br><br>Defendants. | Case No. 2:22-cv-01647-RFB-BNW<br><br>MOTION FOR LEAVE TO AMEND PLAINTIFFS' COMPLAINT |

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs East Career and Technical Academy (ECTA) Students for Life (SFLC), Felipe Avila, and Janelle Rivera respectfully request that the Court permit them to file a First Amended Complaint ("FAC"), attached to this motion as Exhibit 1. This Motion is made and based upon all papers, pleadings, and records on file herein, the attached Memorandum of Points and Authorities, and any oral argument allowed at a hearing on this matter.

//

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

This action concerns the unlawful speech restriction policies enforced by Defendants which have denied Plaintiffs the rights guaranteed to them by the United States Constitution, the Equal Access Act, and the Nevada Constitution. ECF No. 1 at 13-16. Defendants' speech restriction policies target Plaintiffs' pro-life speech due to its viewpoint and leave similar speech by other student groups untouched. *Id.* at 4-6.

Plaintiffs filed this suit at the beginning of the 2022-2023 academic year. *Id.* On November 22, 2022, Defendants moved to dismiss certain peripheral aspects of Plaintiffs' claims, including (1) dismissal of ECTA as a separate party, (2) dismissal of claims against individual defendants in their official capacities, (3) dismissal of a single defendant all together, (4) dismissal of prospective injunctive relief for Plaintiff Felipe Avila, (5) dismissal of Equal Access Act claims against individuals, and (6) dismissal of claims under the Nevada Constitution. ECF No. 10 at 3. Importantly, Defendants' Motion for Partial Dismissal did not challenge Plaintiffs' First Amendment and Equal Access Act claims against the Clark County School District (CCSD). *See generally id.* Moreover, subsequent to Plaintiffs' Response to their Motion to Dismiss, Defendants acknowledged that Plaintiffs' claims under the Nevada Constitution may proceed. ECF No. 19 at 2.

Further, Defendants' Motion to Dismiss has not been granted. And *even if* the Court grants Defendants' Motion for Partial Dismissal—and Plaintiffs maintain that it should not (*see* ECF No. 14)—Defendants would still be left to defend the discriminatory and illegal activities at the core of Plaintiffs' Complaint. *Id.* at 2. Plaintiffs' First Amendment, Equal Access Act, and Nevada Constitution claims remain pending before this Court.

The Parties conducted a settlement conference on March 14, 2023, and on May 3, 2023. ECF No. 32 and ECF No. 41. The Parties have exchanged offers and counteroffers but have not yet reached an agreement on the case, and a third settlement conference is set for May 23, 2023. Although Plaintiffs initiated this suit early in the school year, it is increasingly likely that no agreement will be in place prior to Plaintiff Janelle Rivera's anticipated graduation from ECTA

later this month. Given Defendants' earlier challenge to Plaintiff Felipe Avila's claim for prospective injunctive relief due to his graduation from ECTA, Plaintiffs anticipate that Defendants may again attempt to distract from, rather than defend, the merits of the unlawful and viewpoint-discriminatory restrictions CCSD staff enforced against Plaintiffs.

Plaintiffs therefore request leave to amend the complaint and add Plaintiff Michael Hermosillo as a Plaintiff under the liberal amendment standard of Federal Rule of Civil Procedure 15(a)(2). Michael Hermosillo is a sophomore at ECTA. He is currently a member of the ECTA SFLC, and will serve as its president next academic year. As a member of the ECTA SFLC, Michael has suffered, and continues to suffer, from many of the same unlawful speech restrictions described in Plaintiffs' Complaint. ECF No. 1. Michael's claims share common operative facts with those already alleged in the Complaint. Moreover, Michael seeks the same relief requested by Plaintiffs in the Complaint. As a result, the amended complaint will not prejudice Defendants, who already had—but declined—the opportunity to explain how their actions were somehow lawful under the First Amendment, the Equal Access Act, and the Nevada Constitution. Accordingly, Plaintiffs respectfully seek leave to file a FAC.

## 2. LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure permits amendment to a complaint with leave of the Court. Fed. R. Civ. P. 15(a)(2). Further, the Court "should freely give leave when justice so requires." *Id.* "Courts are to apply this policy with 'extreme liberality.'" *Vinayagam v. US Dep't of Lab.*, 2023 WL 2756429, at *2 (D. Nev. Mar. 31, 2023) (citing *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001)).

The liberality of Rule 15(a) is designed to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. U. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)); *see also Underwood v. O'Reilly Auto Enterprises, LLC*, 342 F.R.D. 338, 342 (D. Nev. 2022) (noting the "strong public policy in favor of permitting amendment [under Rule 15(a)]"). Moreover, to further advance this strong public policy, courts should draw inferences "in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir.1999).

Keeping with the "extreme liberality" application of Rule 15(a) amendments, courts should only deny a motion to amend under Rule 15(a) when there is a showing of "bad faith, undue delay, futility, or undue prejudice to the opposing party," also known as "Foman factors." *Vinayagam*, 2023 WL 2756429, at *2 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### 3. PLAINTIFFS' MOTION SHOULD BE GRANTED

Each of the Foman factors weigh in favor of Plaintiffs' Motion for Leave to Amend. The Court should freely grant leave to amend in order to facilitate a decision on the merits.

#### a. BAD FAITH

In the Ninth Circuit, "bad faith" has been construed as a plaintiff "merely [] seeking to prolong the litigation by adding new but baseless legal theories." *Diaz v. Sun-Maid Growers of California*, 2019 WL 3530398, at *3 (E.D. Cal. Aug. 2, 2019) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999)). However, Plaintiffs' proposed FAC adds *no* new legal theories, let alone a baseless one. Instead, Plaintiffs merely seek to add a Plaintiff whose interests and harms are coextensive with those of the original Plaintiffs. This factor weighs in favor of granting Plaintiffs' motion.

#### b. UNDUE DELAY

In addition to considering whether a motion for leave to amend was "filed within the period of time allotted by the district court in a Rule 16 scheduling order," courts will also consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir.2006). Here, Plaintiffs' motion for leave to amend is filed prior to the issuance of any scheduling order. Further, Plaintiffs learned that Michael Hermosillo would take leadership of ECTA SFLC for the 2023-2024 academic year on or about April 7, 2023. This motion comes 35 days later. Accordingly, this factor weighs in favor of granting Plaintiffs' motion.

c. **FUTILIY**

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997).

Here, Plaintiffs propose an amendment allowing a similarly-harmed individual to assert identical claims to those already advanced by the original Plaintiffs. As noted above, Defendants' Motion for Partial Dismissal (ECF No. 10) and subsequent Reply (ECF No. 19) presented no defenses in favor of dismissing Plaintiffs' core claims under the First Amendment, Equal Access Act, and Nevada Constitution. Because "a complaint should not be dismissed unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief," (*Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)), Plaintiffs should be granted leave to file their FAC, which reiterates the same claims advanced in the original Complaint and untouched by Defendants' Motion for Partial Dismissal.

d. **UNDUE PREJUDICE**

An amended pleading may cause undue prejudice if it would greatly alter the nature of the litigation or require additional discovery. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). An undue prejudice may occur when a plaintiff's amended complaint advances different legal theories than the original complaint. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990). Conversely, leave to amend should be given where "operative facts remain the same" in order to "facility a proper disposition on the merits." *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981).

Plaintiffs' proposed FAC asserts the same legal theories as the original complaint. Further, the Parties have not yet begun discovery. Defendants will face no undue prejudice from Plaintiffs FAC.

**CONCLUSION**

Leave to amend should be freely granted under Rule 15(a) where, as here, such leave will "facilitate [a] decision on the merits." Further, none of the Foman factors weigh in favor of

1  denying leave to amend. Plaintiffs respectfully request the Court to grant leave to file their
2  proposed FAC.

3  DATED: May 12, 2023                          THE O'MARA LAW FIRM, P.C.

                                                    /s/ David C. O'Mara
                                                 DAVID C. O'MARA, ESQ
                                                 311 East Liberty St.
                                                 Reno, Nevada 89501
                                                 775-323-1321
                                                 775-323-4082 (fax)

                                                 Joan M. Mannix*
                                                 Thomas More Society - Special Counsel
                                                 135 South LaSalle Street, Suite 2200
                                                 Chicago, IL 60602
                                                 (312) 685-4552
                                                 jmannnix@joanmannixltd.com

                                                 Nathan Loyd*
                                                 Thomas More Society - Special Counsel
                                                 5101 Old Highway 5, Box 442
                                                 Lebanon, GA 30146
                                                 (559) 744-3664
                                                 nathaniel.loyd@thomasmoresociety.org

                                                 *Admitted pro hac vice

                                                 *Counsel for Plaintiffs*

6

# **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of The O'Mara Law Firm, P.C., 311 E. Liberty Street, Reno, Nevada 89501, and on this date I served a true and correct copy of the foregoing document on all parties to this action by:

_____ Depositing in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, following ordinary business practices

_____ Personal Delivery

_____ Facsimile

_____ Federal Express or other overnight delivery

_____ Messenger Service

_____ Certified Mail with Return Receipt Requested

__X__ Electronically through the Court's ECF system

addressed as follows:

MARQUIS AURBACH
Craig R. Anderson, Esq.
Jackie V. Nichols, Esq.
10001 Park Run Drive
Las Vegas, Nevada 89145

*Attorneys for Defendants Clark County School District, Dr. Jesus Jara, Trish Taylow, Vincent Medina and Karen Stelluto*

DATED: May 12, 2023                                       /s/ Bryan Snyder
                                                                            BRYAN SNYDER

INDEX OF EXHIBITS

| Exh No | Description | Pages |
|---|---|---|
| 1 | First Amended Complaint | 18 |